UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DISTRICT

MICHAEL A. GBUR, the ESTATE
OF KIMBERLY SUE GBUR, and
MADELINE GBUR,

               Plaintiffs,

v.

BETSY DEVOS, in her official capacity
as Secretary of the U.S. Department of
Education, and the U.S. Department of
Education,

               Defendants.

_____/

Civil Action No. 2-20-cv-11492
HON. MATTHEW F. LEITMAN
HON. DAVID R. GRAND

SAMUEL J. BEHRINGER, JR.   P-23751
Attorney for Plaintiff
333 McKinley Avenue
Grosse Pointe Farms, MI 48236-3420
Telephone (313) 885-1948
Fax          (313) 886-6443
sblawd35@mns.com
_____/

## VERIFIED COMPLAINT

There is no other civil action commenced between these parties now or in the past.

               */s/ Samuel Behringer*
               Samuel J. Behringer, Jr. (P-23751)

    Plaintiffs Michael A. Gbur, the Estate of Kimberly Sue Gbur and Madeline Gbur bring this action pursuant to 28 U.S.C. 1331, the Administrative Procedures Act ("APA"), 5 U.S.C. 701-706, and the Declaratory Judgment Act, 28 U.S.C. 2201-2202, the common law and Michigan's statutory law (e.g. Michigan's Uniform Commercial Code) to redress the Defendant's violations of the Plaintiffs said Constitutional, Federal and State of Michigan rights, showing as follows:

## JURISDICTION AND VENUE

1. Because this action arises against the United States and under the Constitution and rules, laws and regulations of the United States, this Court has jurisdiction pursuant to 28 U.S.C. 1331and 1338.

2. Venue is proper in the Eastern District of Michigan pursuant to the Administrative Procedure Act (the "APA"), 5 U.S.C. 701-706, the Declaratory Judgment Act, 28 U.S.C. 2201-2202, and 28 U.S.C. 1331, 1338 and 1391.

3. The amount in controversy exceeds $127,037.97 as of September 24, 2019 exclusive of interest, costs, expenses and attorney fees.

4. Plaintiff Michael A. Gbur is a resident of the City of Grosse Pointe Woods, Michigan in the Eastern District of Michigan, Southern Division and County of Wayne, State of Michigan.

5. The Plaintiff Estate of Kimberly Ann Gbur was filed as Action No. 2019-852108 DE on October 2, 2019 in the Wayne County Probate Court in Detroit, County of Wayne and State of Michigan. D.O.D February 3, 2019.

6. Plaintiff Madeline Gbur is a resident of the City of Grosse Pointe Woods, Michigan in the Eastern District of Michigan, Southern Division and County of Wayne, State of Michigan.

7. Defendant BETSY DEVOS, is named solely in her present official capacity as Secretary of the U.S. Department of Education (hereinafter "Secretary"). Title IX of the Higher Education Act of 1965 ("HEA"), 20 U.S.C. 1070-1099d, charges the Secretary with the responsibility of administering and overseeing the Federal student loan programs, including the *Direct Student Loan Program.*

8. Defendant U.S. DEPARTMENT OF EDUCATION (Hereinafter, the "Department") is an agency of the United States within the meaning of the APA. The Department is responsible for

administering and adopting regulations that implement Title IV of the HEA.

## INTRODUCTION

9. Pursuant to 28 U.S.C. 1331, 1338 and 1391, the Administrative Procedures Act ("APA"), 5 U.S.C. 701-706, and the Declaratory Judgment Act 28 U.S.C. 2201-2202, the Plaintiff s bring this action to challenge:

    A.    The USDE Master Promissory Note **("MPN")** dated June 26, 2011 and two subsequent hypothecations (Exhibits 1-6),

    B.    The wrongful and unlawful USDE denial of Plaintiff Michael Gbur's 2019 *Loan Discharge Application: False Certification (Unauthorized Signature/Unauthorized Payment)*, submitted by Plaintiff Michael A. Gbur, to obtain federal student loan discharges by the U.S. Department of Education and Secretary Betty DeVos ("Defendants") due to the invalidity and identity thefts involving USDE student loans (Exhibits 13 and 14), and

    C.    For pertinent injunctive relief against the USDE barring collection activity of alleged student loans from these Plaintiffs by involuntary income tax refund offset and/or any other means.

10. The Plaintiffs also challenge, pursuant to the APA, the Defendants' unlawful delays of the effective date of an updated *false certification discharge eligibility rule* intended to clarify student student loan discharge eligibility for involuntary USDA student loans made to citizens who have found themselves unknowingly and involuntarily taken advantage of by others and made the victims of identity theft.

## COUNT I

### MPN LIABILITY DOES NOT EXIST BECAUSE THE PURPORTED BORROWER NEVER ACTUALLY SIGNED THE MPN NOTES

11. Section 3-401(1) of the Uniform Commercial Code, as enacted in the State of Michigan at MCL 440.3401(1), states "A person is not liable on an instrument unless (i) the person signed the instrument..." See, Exhibit 8. This "rule is as old as the law merchant". White & Summers, Handbook of The Law Under the Uniform Commercial Code, Page 399, West Publishing Co. 1972; Commercial Sav. Bank v.

<u>C & J Wood Products Co.</u>, 46 Mich. App., 207 NW2dd 401, 28 UCCRS 715.


10.    Plaintiff Michael A. Gbur, the late Kimberly Sue Gbur and their daughter, Madeline Gbur, <u>never actually signed</u> in their own respective actual "ink" handwriting the June 26, 2015, June 27, 2011, July 27,

2012, June 18, 2015 or August 4, 2015 **DIRECT LOANS - FEDERAL DIRECT SUBSIDIZED STAFFORD/FORD LOAN - DIRECT PLUS LOAN - MASTER PROMISSORY NOTE - WILLIAM D. FORD FEDERAL DIRECT LOAN PROGRAM ("MPN").** <u>See</u>, lowest left-hand corner, 1st page of Exhibits 1-6.


11.    The Merriam-Webster Dictionary defines "signature" as "the name of a person <u>written by himself or herself (emphasis added)."</u>  See, The Merriam-Webster Dictionary, page 679 (1997).


12.    Other dictionaries similarly define "signature" (emphasis added):

    A.    The American Heritage Dictionary of the English Language, 4th Ed. 2000, Page 1618.

        "n 1.    One's name <u>as written by oneself</u>.

    B.    The New Oxford American Dictionary, 2d 2005, Oxford University Press, Page 1579.

        "2.    To subscribe to or authenticate <u>with one's signature</u>."

    C.    Random House Webster's College Dictionary, 4th Edition 2000, page 1222.

        "n 1.  a person's name, or a mark representing it, as <u>signed personally</u> or by a deputy, as in subscribing a letter or other document."

    D.    Webster's New World College Dictionary, 5th Edition 2015, Page 1351.

        "1.    a person's name <u>written by that person</u>."


13.    Actual ink handwritten signatures of "K S Gbur", "Kimberly Sue Gubr", "Michael Gbur" and Madeline Gbur do not appear anywhere on Exhibits 1-6.


14.    Plaintiff Michael A. Gbur denies ever he ever authored Defendant USDE to "execute" these

MPN's by computer/WPU/mechanically printing his name on Exhibit 1-6 as these documents call for the "**Borrower's Signature**" in bold print. The Plaintiff Estate of Kimberly Sue Gbur similarly denies it ever authorized Defendant USDE to "execute" " these MPN's by computer/WPU/mechanically printing his name on Exhibit 1-6, they likewise call for the "**Borrower's Signature**" in bold print. S. 106 -106th Congress (1999-2000); 15 U.S.C. 7001(c)(1)(B). Plaintiff Madeline Gbur denies ever she ever authored Defendant USDE to "execute" these **MPN**'s by computer/WPU/mechanically printing her name on Exhibit 1-6, these documents call for the "**Borrower's Signature**" in bold print.

15. The **MPN's** contain only a typewritten, mechanically created, written name which is not any of the Plaintiffs' <u>actual</u> "Borrower's Signature". See, Exhibit 1-6. The **MPN:**

    A. Have <u>no actual signature</u> anywhere on the document.

    B. Have <u>no</u> Notary Public signature attestation block.

    C. Are <u>not notarized</u>.

    D. Have no <u>self-affirmation penalty (e.g. fine or imprisonment) oath</u>.

    E. Have no provision which insures that the signature is by that person.

    F. Have no waiver of any actual signature provision.

    G. Have no clear and conspicuous consent to e-sign each said **MPN**'s in lieu of using an actual "Borrower's Signature".

16. The Plaintiffs deny they actually executed these **MPN**'s by either (i.) actually signing in their own hand their own respective signatures on these **MPN**'s, or (ii.) by actually printing their own respective name, i.e. "Michael A. Gbur", "Kimberly Sue Gbur" and/or "Madeline Gbur" on the **MPN's** (Exhibits 1-6).

17. The Plaintiffs deny they have ever owned or had access to a type writer, WPU, computer or printer <u>capable</u> of making the mechanical signature (i.e. "Kimberly Sue Gbur") which appears on the **MPN** (Exhibits 1-6).

18. The Plaintiff Estate of Kimberly Sue Gbur denies ever authorizing anyone to "execute" these MPN's on her behalf by mechanically typing/printing her signatures on the **MPN**'s (Exhibits 1-6).

19.     Based on the facts and allegations of this action and because each of the **MPN**'s (Exhibits 1-6) are <u>not actually</u> ink signed by Plaintiffs Michael A. Gbur, Kimberly Sue Gbur, and Madeline Gbur, the MPN's are an invalid and unenforceable nullity when asserted by the Defendants in this case.  A "**Borrower's Signature**" should be just that, a <u>Borrower's Signature, in his or her own handwriting.</u>

## COUNT II
### <u>CLAIMS BASED ON FALSE CERTIFICATION</u>

20.     The Plaintiffs incorporate by reference Paragraphs 1 through 19 as though fully set forth herein.

21.     The USDE has generated controversy re-writing its Regulations at 34 CFR 685.215 and 34 CFR 682.402 which pertain to USDE rules governing the payment of claims based on false certification of a borrower's eligibility for a loan.

22.     After much controversy, the administrative rules which apply to USDE were due out of re-write on July 1, 2019.

23.     It is respectfully submitted that this CFR re-write is expected to result in a legitimization of the situation where a purported "borrower" like these Plaintiffs, who never actually signed the **MPN**'s has not been furnished with copies of the application or promissory notes for all of the loans described above.

    A.     See, <u>Comm of Mass</u> v. <u>USDE</u>, Civil Action 17-cv-01331, USDC Dist of Columbia and <u>Bauer</u> v. <u>DeVos</u>, 17-cv-01330, USDC District of Columbia.

    B.     These regulations were to take effect July 1, 2017, but in October 2017 were reset to a July 1, 2018 effective date.  In February 2018, the effective date was changed to July 1, 2019.

24.     This Plaintiff believes and alleges that their identities were stolen by persons unknown to them.  See Exhibit 14.  Such documents:

    A.    Have <u>no actual signature</u> anywhere on the document.

    B.    Have <u>no</u> Notary Public signature attestation block.

    C.    Are <u>not notarized</u>.

    D.    Have no <u>self-affirmation penalty (e.g. fine or imprisonment) oath</u>.

    E.    Have no provision which insures that the signature is by that person.

    F.    Have no waiver of any actual signature provision.

    G.    Have no clear and consipuous consent to e-sign each said **MPN**'s in lieu of using an actual "Borrower's Signature".

25.    Plaintiff Michael Gbur is a widowed father of two adult children and resident of Wayne County, Michigan.  Plaintiff Kimberly Sue Gbur died February 3, 2019.

26.    The Gbur's had two children, one of whom is a daughter, Madeline E. Gbur, born December 3, 1996, age 23, a former undergraduate student at Columbia College Chicago.

27.    Some parents are always willing to sign for their children's debts.  Some don't.   No law exists which requires them to do so, either way.

28.    Plaintiff Michael Gbur never submitted or signed, directly or by another person acting on his behalf, any document which clearly and conspicuously consented to his e-signing of the **MPN**'s instead of using actual paper and ink signatures.  15 U.S.C. 7001(c)(1)(B).

29.    Plaintiff Michael Gbur never signed any MPN either actually or by e-signature.

30.    Plaintiff Michael Gbur never submitted or signed, directly or by another person acting on his behalf, any *Federal Plus Loan Application Form for Parents of Dependent Students* (or any other type of student loan application) as a condition precedent to execution of the MPN's.

31.    Plaintiff Michael Gbur never submitted or signed, directly or by another person acting on his behalf, any document consenting to his e-signing of the **MPN**'s instead of using actual ink signatures.

15 U.S.C. 7001(c)(1)(B).

32. The late Kimberly Sue Gbur never submitted or signed, directly or by another person acting on his behalf, any document which clearly and conspicuously consented to her e-signing of the **MPN**'s in lieu of using actual ink signatures. 15 U.S.C. 7001(c)(1)(B).

33. Plaintiff Madeline Gbur never submitted or signed, directly or by another person acting on his behalf, any document which clearly and conspicuously consented to his e-signing of the **MPN**'s instead of using actual ink signatures. 15 U.S.C. 7001(c)(1)(B).

34. Plaintiff Madeline Gbur never signed each MPN either actually or by e-signature.

35. Plaintiff Madeline Gbur never submitted or signed, directly or by another person acting on his behalf, any *Federal Plus Loan Application Form for Parents of Dependent Students* (or any other type of student loan application) as a condition precedent to execution of the MPN's.

36. Plaintiff Madeline Gbur never submitted or signed, directly or by another person acting on his behalf, any document consenting to his e-signing of the **MPN**'s instead of using actual ink signatures. 15 U.S.C. 7001(c)(1)(B).

37. The Plaintiffs are unable to provide the full name and address of any person who, in point of fact, will testify that he or she was present and actually saw the late Kimberly Sue Gbur sign any authorized signatures which appear on any document which the Defendants rely upon to impose what is believed to be six (6) semesters of student loan liability upon these Plaintiffs in this action. Again, the documents, be it Exhibits 1-6:

    A. Have no actual "ink" signature anywhere on the document.
    B. Have no Notary Public signature attestation block.
    C. Are not notarized.
    D. Have no self-affirmation penalty (e.g. fine or imprisonment) oath.

  E. Have no provision which insures that the signature is by that person.

  F. Have no waiver of any actual signature provision.

  G. Have no clear and conspicuous consent to e-sign each said **MPN**'s in lieu of using an actual "Borrower's Signature".

38. The Defendants are unable to provide the full name of any person who, in point of fact, can will testify that he or she was present and actually saw the late Kimberly Sue Gbur sign any of the Kimberly Sue Gbur "signatures" which appear on any document which the Defendants rely upon to impose what is believed to be six (6) semesters of student loan liability upon these Plaintiffs in this action. Again, the documents, be it Exhibits 1-6:

  A. Have <u>no actual "ink" signature</u> anywhere on the document.

  B. Have <u>no</u> Notary Public signature attestation block.

  C. Are <u>not notarized</u>.

  D. Have no <u>self-affirmation penalty (e.g. fine or imprisonment) oath</u>.

  E. Have no provision which insures that the signature is by that person.

  F. Have no waiver of any actual signature provision.

  G. Have no clear and conspicuous consent to e-sign each said **MPN**'s in lieu of using an actual "Borrower's Signature".

39. And, thus, this is how, according to the Plaintiff's best beliefs and the above, their identity was stolen. Somebody, the Plaintiff being without personal knowledge, stole their identity by e-signing, without any consent/waiver of the right to actually wet ink-sign sign the **MPN**, up to six personal student loan applications and/or notes and submitted them the USDE without any notice to them. What the Plaintiffs actually know is that no actual handwritten ink **MPN** exist. Exhibits 1-6.

## COUNT III
### UNREASONABLE CHALLENGE REQUIREMENTS AND DEFICIENCIES

40. Mr. Gbur incorporates by reference Paragraphs 1 through 39 as though fully set forth herein.

41.     The above portions of this Complaint take issue with the USDE position that these five to six loans were purportedly made and cites Regulations at 34 CFR 685.215 and 34 CFR 682.402 which pertain to USDE rules governing the payment of claims based on false certification of a borrower's eligibility for a loan and/or false or improper signatures.

42.     One of the constantly re-written CFR provisions specifically allow a victim of identity theft to submit an application to USDE for forgiveness of a student loan liability involving an identity theft victim, See, 34 CFR 685.215 and 34 CFR 682.402. Revised regulations were set to take effect July 1, 2017 but on October 20, 2017 the revised regulations were rescheduled to become effective July 1, 2018. In February 2018 the revised regulations were re-reset to become effective on July 1, 2019. See, Bauer v. DeVos (Federal Regulations). 17-cv-1330; Commonwealth of Massachusetts v. USDE, 17-cv-01331 (State Regulations). These USDE regulations have been the subject of great interest and criticism.

43.     As presently in effect, victims of identity theft are recognized with statutory/Federal Regulation authority to petition the USDE to forgive the financial responsibility to repay identity theft victim loans.

## COUNT VI

### JUDGMENT OF NO LIABILITY
### UPON ALL SIX MPN's.

43.     Mr. Gbur incorporates by reference Paragraphs 1 through 42 as though fully set forth herein.

44.     In the 4th Circuit, a Virginia man sued the USDE under the Fair Credit Reporting Act for refusing to remove erroneous USDE information which found its way into his credit reports. Plaintiff Gbur seeks the same relief. Lee Pele v. Pennsylvania Higher Education Assist Authority, 4th Circuit (2019).

45.     Plaintiff Gbur demands of all the Defendants that they immediately remove all references to student loans from this Plaintiff's credit reports and pay damages.

## COUNT IV

### SIGNIFICANT DISCREPANCIES

46. Mr. Gbur incorporates by reference Paragraphs 1 through 44 as though fully set forth herein.

47. Some significant discrepancies exist in the purported loan documents.

   A. <u>Number of Loans</u>.  By one (unknown) source, six (6) "Madeline Gbur" student loans documents exist totaling $31,034.00.  Exhibit 6.  The six accounts on Exhibit 6 do <u>not</u> compare with the <u>three</u> accounts listed on the top of page 1 of Exhibit 7.

   B. <u>Outstanding account</u>.  The USDE's September 24, 2019 letter (Exhibit 7) states the outstanding balance on this account is $167,598.89 as of September 23, 2019 (said to be $127,037.97 principal and $15,091.35 accrued interest) PLUS ACCRUED PROJECTED COLLECTION COSTS OF $25,469.57[1].  This $167,598.89 does not compare with the Exhibit 6 $31,034.00 sum.

   C. <u>No Actual Signature - Husband.</u>  The name of Plaintiff Michael A. Gbur does <u>not</u> appear in actual ink hand written form on any of the five **MPN**'s provided by the USDE (Exhibits 1-6).

   D. <u>No E-Signature - Husband.</u>  The name of Plaintiff Michael A. Gbur does <u>not</u> appear by e-signature or mechanical machine, wpu, computer, etc. prepared form on any of the five MPN's provided by the USDE (Exhibits 1-6).  Each of the five **MPN**'s provided, instead, are <u>e-signed</u> Madeline Gbur, the daughter-student.

   E. <u>No Actual Signature - Daughter/Student.</u>  The name of daughter-student Madeline Gbur does not appear in actual ink-hand written form on any of the five **MPN**'s provided by the USDE (Exhibits 1-6).

   F. <u>Actual Signature - Late Wife.</u>  The name of the late Kimberly Sue Gbur does <u>not</u> appear in actual ink hand written form on any of the five MPN's provided by the USDE (Exhibits 1-6).  Each of the five **MPN**'s provided, instead, are <u>purportedly e-signed</u> Madeline Gbur, the student.

   F. <u>No E-Signature - Late Wife No Clear and Conspicuous Proof of E-Signature Consent/Waiver - Husband.</u>  USDE has never provided an **MPN** or any other document which, in a **clear and conspicuous statement**, advises the consumer of "the right or option to have the record made available on paper or in nonelectronic form, "  15 USC 7001(c)(1)(B) as a condition precedent to entering into an e-signature agreement.

   G. <u>No Clear and Conspicuous Proof of E-Signature Consent/Waiver - Late Wife.</u>  USDE has never provided an **MPN** or any other document which, in a **clear and conspicuous statement**, advises the consumer of "the right or option to have the record made available

---

[1] The $25,469.57 projected collection costs is not an actual number and no cost recovery provision Exists in the documents.

on paper or in nonelectronic form, " 15 USC 7001(c)(1)(B) as a condition precedent to entering into an e-signature agreement.

I. <u>No Clear and Conspicuous Proof of E-Signature Consent/Waiver - Daughter/Student.</u> USDE has never provided an **MPN** or any other document which, in a **clear and conspicuous statement**, advises the consumer of "the right or option to have the record made available on paper or in nonelectronic form, " 15 U.S.C. 7001(c)(1)(B) as a condition precedent to entering into an e-signature agreement instead of signing with paper and pen.

48. Mr. Gbur has been advised by telephone that, by merely asking for copies of MPN's, he will become personally liable for all Madeline Gbur student loan indebtedness to the USDE (only 5 MPN copies were provided, no student loan applications were provided).

**WHEREFORE**, given the above stated violations of 28 U.S.C. 1331, the Administrative Procedures Act ("APA"), 5 U.S.C. 701-706, and the Declaratory Judgment Act, 28 U.S.C. 2201-2202, to redress the violations of Plaintiff Gbur's Constitutional and Federal statutory rights, Plaintiff Michael A. Gbur and the Estate of Kimberley Sue Gbur respectfully demand the following relief:

A. This Court enter a judgment/order which immediately stays Defendant Secretary Devos and/or her USDE subordinates and any and all presently pending and active USDE administrative proceedings, including but not limited to;

    i. Denies the USDE the right/ability to sue the three Plaintiffs for any of the six alleged student debts (Exhibit 6) because,

        a. Plaintiff Michael A. Gbur never actually ink signed the related **MPN** or other hypothecation.

        b. Plaintiff Kimberly Sue Gbur/Estate of Kimberly Gbur never actually ink signed the related **MPN** or other hypothecation.

        c. Plaintiff Madeline Gbur never actually ink signed the related **MPN** or other hypotheation.

        d. Plaintiff Michael A. Gbur never actually e-signed the related **MPN** or other hypothecation.

        e. Plaintiff Kimberly Sue Gbur never actually e-signed the related **MPN** or other hypothecation.

  f.  Plaintiff Madeline Gbur never actually e-signed the related **MPN** or other hypothecation. See, (h) below.

  g.  Plaintiff Michael A. Gbur never signed a 15 U.S.C. 7001(c)(1)(B) **clear and conspicuous statement**, stating his "right or option to have the record made available on paper or in nonelectronic form,", 15 USC 7001(c)(1)(B), as a condition precedent to entering into this e-signature agreement.

B. This Court enter a judgment/order which provides that the six (or, pending completion of discovery, more Madeline Gbur student loans) be held void and null and unenforceable against these Plaintiffs.

C. A judgment which compels all of the Defendants to immediately provide, by date, a full, complete and detailed statement, accounting and return of:

  (i.) Every sum ever paid by each of the Defendants to or on behalf these student loans, and

  (ii.) Every sum ever received as payment of student loans by the Defendant from or on behalf of Madeline Gbur.

D. A judgment which specifies actual, compensatory and putative damages be awarded by this Court against each and every Defendant who violated Plaintiff Gbur's Constitutional, Federal and regulatory rule rights, 28 U.S.C. 1331, the Administrative Procedures Act ("APA"), 5 U.S.C. 701-706, the Declaratory Judgment Act, 28 U.S.C. 2201-2202, the common law and Michigan's statutory law.

E. A judgment from the Court finding that each and every defendant violated Plaintiff Gbur's Constitutional, Federal, the common law and Michigan's statutory law.

F. An award from the Court of actual, compensatory and punitive damages against all of the Defendants, jointly and severally, for having been found to have violated Plaintiff Gbur's Constitutional, Federal and regulatory rule rights, 28 U.S.C. 1331, the Administrative Procedures Act ("APA"), 5 U.S.C. 701-706, the Declaratory Judgment Act, 28 U.S.C. 2201-2202, and the

common law and Michigan's statutory law (MCL 440.3401) in bad faith.

G.    Enter an order which orders and compels Defendant USDE to immediately void, set aside and cancel any and all used orders, requests or documents sent by the Defendant USDE to the U.S. Department of the Treasury to compel offset Plaintiff Gbur's "federal and/or state tax refunds and other payments to collect this debt" and which also orders and compels USDE to send copies to (i.) Plaintiff Gbur and (ii.) his attorney of all correspondence and/or documents sent or received in this regard.

I.    Enter an order which orders and compels Defendant USDE to, within 30 days after the judgment has been entered, send to all three major credit card companies (e.g. Experian, Equifax, and Transunion) a written notice which advises each of them that <u>no sum</u> is presently owed to USDE by the Plaintiff Michael A. Gbur, the Estate of Kimberly Sue Gbur and Madeline Gbur.

J.    An award of all the Plaintiff's actual costs of this suit, prejudgment interest and reasonable attorney's fees, pursuant to 42 U.S.C. 1988 and all further relief as this Court deems just and proper.

                              Samuel J. Behringer, Jr. P-23751
                              Attorney for Plaintiff John Michael Gbur
                              333 McKinley Avenue
                              Grosse Pointe Farms, MI 48236-3420
                              Telephone (313) 885-1948
                              E-Mail    sblawd35@msn.com
                              June 8, 2020

COMPLAINT

**VERIFICATION**

STATE OF MICHIGAN )
                           ) ss.
COUNTY OF WAYNE )

      Subscribed and sworn to before me on June _____, 2020 by a person who first identified himself to me as being Michael A. Gbur, Michigan Driver's License No. G 160 603 067 572, who also stated that the above statements of fact, according to his best present information, knowledge and beliefs, are true, accurate and correct.

_____
NOTARY PUBLIC, _____County, Michigan
My Commission expires: _____/_____/_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DISTRICT

MICHAEL A. GBUR, the ESTATE
OF KIMBERLY SUE GBUR, and
MADELINE GBUR,

                Plaintiffs,

v.

BETSY DEVOS, in her official capacity
as Secretary of the U.S. Department of
Education, and the U.S. Department of
Education;

                Defendants.

Civil Action No. 2:20-cv-11492 MFL-DRG
HON. MATTHEW F. LEITMAN
HON. DAVID A. GRAND

_____/
SAMUEL J. BEHRINGER, JR.  P-23751
Attorney for Plaintiffs
333 McKinley Avenue
Grosse Pointe Farms, MI 48236-3420
Telephone (313) 885-1948
Fax      (313) 886-6443
sblawd35@mns.com_____/

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of the above stated action.

*/s/ Samuel J. Behringer, Jr.*
SAMUEL J. BEHRINGER, JR.  P-23751
Attorney for Plaintiffs
333 McKinley Avenue
Grosse Pointe Farms, MI 48236-3420
Telephone (313) 885-1948
Fax      (313) 886-6443
sblawd35@mns.com
June 5, 2020

JS 44   (Rev. 09/19)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael A. Gbur, the Estate of Kimberly Sue Gbur and Madeline Gbur

**DEFENDANTS**
BETSY DEVOS, and USDE

**(b)** County of Residence of First Listed Plaintiff: Wayne Cunty, MI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Columbia, DC
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SAmuel J. Behringer, Jr., Attorney at Law, P-23751, 333 McKinley Avenue, Grosse Pointe Farms, MI 482236-3420 (313) 885-1948

Attorneys *(If Known)*
U.S. Attorneys Office

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| | | | | ☐ 864 SSID Title XVI | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1331 & 1338, 28 USC 2201-2202, 15 USC 701-706, 28 USC 2201-2702

Brief description of cause:
Plaintiffs seek to bar collection of unpossessed and unsigned USDE promissory notes,

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 167,589.89

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____  DOCKET NUMBER: _____

DATE: 6/6/20
SIGNATURE OF ATTORNEY OF RECORD: *Samuel J. Behringer, Jr.*

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## VERIFIED COMPLAINT

### EXHIBIT LIST

1.\*    June 26, 2011 DIRECT LOANS - FEDERAL DIRECT PLUS LOAN - MASTER PROMISSORY NOTE - William D. Ford Federal Direct Loan Program ("**MPN**").
        -e-signed by Madeline E. Gbur?, no waiver/consent per 15 U.S.C. 7001(c)(1)(B)

2.\*    June 27, 2012 DIRECT LOANS - FEDERAL DIRECT PLUS LOAN - MASTER PROMISSORY NOTE - William D. Ford Federal Direct Loan Program ("**MPN**")
        -e-signed by Madeline E. Gbur?, no waiver/consent per 15 U.S.C. 7001(c)(1)(B)

3.\*    July17, 2012 DIRECT LOANS - FEDERAL DIRECT PLUS LOAN - MASTER PROMISSORY NOTE - William D. Ford Federal Direct Loan Program ("**MPN**").
        -e-signed by Madeline E. Gbur?, no waiver/consent per 15 U.S.C. 7001(c)(1)(B)

4.\*    June 18, 2015 DIRECT LOANS - FEDERAL DIRECT PLUS LOAN - MASTER PROMISSORY NOTE - William D. Ford Federal Direct Loan Program ("**MPN**").
        -e-signed by Madeline E. Gbur?, no waiver/consent per 15 U.S.C. 7001(c)(1)(B)

5.     August 4, 2015 DIRECT LOANS - FEDERAL DIRECT PLUS LOAN - MASTER PROMISSORY NOTE - William D. Ford Federal Direct Loan Program ("**MPN**").
        -e-signed by Madeline E. Gbur?, no waiver/consent per U.S.C. 7001(c)(1)(B)

6.\*    Missing Note?

7.     Kimberly Sue Gbur's six loan list

8.     MCL 440.3401.

9.     February 3, 2019 Death Certificate - Kimberly Sue Gbur

11.    August 4, 2019 USDE Debt Statement

12.    August 29, 2019 USDE/Navient letter to Family of Kimberly S. Gbur

13.    September 3, 2019 USDE Certification/Agreement of Cooperation of Identity Claims.

14.    September 3, 2019 Michael A Gbur Sworn Statement.

15.\*   USDE September 24, 2019 letter - Michael Gbur.


\*      Unavailable for production at this time.